## Amos v. Massey.

(Decided September 27, 1910).

## Appeal from Edmonson Circuit Court.

Land—Life Estate—Forfeiture—Lost Record—Prior Judgment—Presumptions.—In an action by appellant for the possession of land in which she alleges she has a life estate, and has been illegally kept out of possession thereof since 1891, for which she claims rent at $200 per year, it appearing that by a proceeding in the Edmonson Circuit Court in 1891 (the record of which has been lost) she was by the judgment of said court dispossessed of the land; the presumption is that the court decided properly on the facts shown, and that there was both allegation and proof warranting the court in holding that she had forfeited to the remainderman all the land.

M. M. LOGAN and ORA E. HAZELIP for appellant.

BRADBURN & BASHAM for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Eliza Ann Amos is the widow of James Amos, who died in the year 1891, leaving a will by which he bequeathed to her all his property for life. He owned at his death several hundred acres of land. On April 28, 1909, she brought this suit against J. M. Massey alleging that Massey had wrongfully entered upon the land, about the year 1891, and had since deprived her of the possession or use of it. She prayed judgment against him for the possession of the property and $200 a year, which she alleged was the reasonable value of the use of it. Massey set up these facts: Mrs. Amos on March 5, 1896, sold and conveyed a part of the land to S. R. Haycraft, and he soon thereafter conveyed it to J. H. Flora. In December, 1898, the children of James Amos brought an action against Flora, Massey and Mrs. Amos, by which they charged that the defendants were wasting the property. In that action on March 30, 1901, a judgment was entered enjoining Flora and Haycraft from further interferring with the land and adjudging that by the acts of waste and destruction by Eliza Ann Amos, Flora and Haycraft, she had forfeited her life estate or interest in all the real estate left her by her deceased husband, and that the plaintiffs were the owners in fee simple of all

the land and entitled to the possession of it. Under the judgment the plaintiffs were put in possession of the land, and it has since been held by them and those claiming under them.

Mrs. Amos by apt pleadings denied that she had sold or conveyed any part of the land to Haycraft or that she was a party to the suit referred to and insisted that the judgment against her was void. The case was submitted to the circuit court, and he dismissed her petition seeking a recovery of the land from Massey, who holds it under the judgment mentioned. From this judgment she appeals.

The papers of the former case are lost, but the entry on the docket shows the sheriff's return and this shows that the process was executed by him on each of the defendants. Mrs. Amos testified that she did not know anything about the case, and no process was served on her; but her testimony, unsupported, ten years afterwards, is not sufficient to overcome the return of the officer in a collateral proceeding. No steps have ever been taken to vacate the judgment. One of the orders in the case entered March 24, 1902, shows that she was then living on a part of the land, and was ordered to be dispossessed. That she was dispossessed about that time is shown by her own testimony. It also appears from her own testimony that she knew of the proceedings in that case at least as early as the year 1905, but no steps have ever been taken to open the judgment either in the circuit court or by appeal to this court.

It is also insisted that the judgment is void except as to the land conveyed to Haycraft on the idea that this was all that was in issue in that case; but the papers of the case being lost we can not tell what was in issue. The presumption is that the circuit court decided properly on the facts before him and that there were both allegation and proof warranting him in holding that she had forfeited to the remaindermen all the land. She did not attempt in this case to offer any evidence rebutting the presumption of regularity in the proceedings of the circuit court, and so there is nothing to overcome it.

Lastly, it is insisted for her that if a life tenant commits waste, he forfeits the thing wasted under the statute but that he does not forfeit his estate in the land. (Ky. Stat. 2328; Smith v. Mattingly, 96 Ky. 228.) It is said that the judgment is void because the court was without jurisdiction to enter it although it is conceded

that the parties were before the court. But upon proper allegations the court did have jurisdiction to determine who was the owner of the land; and upon proper proof it had jurisdiction to determine that the land was the thing wasted, and that the life tenant's interest therein had thereby terminated. It may be that the judgment of the court in the case referred to was erroneous. It may be that the facts there shown did not warrant the judgment entered. But that is not material here. It was a judgment which the court had power to enter, and not having been vacated, it cannot be attacked collaterally.

Judgment affirmed.