KELLAM v. TRAIL. (No. 7527.)

(Court of Civil Appeals of Texas. Dallas. April 29, 1916.)

JUDGMENT ☞17(10) — PROCESS ☞134—RETURN — FORM AND REQUISITES — PERSONAL SERVICE.

Return of service of citation, showing the time of service and date, and that it was served by delivering to two of the defendants "in person a true copy," is fatally defective in failing to show that each of such defendants received a copy, and would not support a default judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31; Dec. Dig. ☞17(10); Process, Cent. Dig. §§ 164–169, 176; Dec. Dig. ☞134.]

Error from Kaufman County Court; James A. Cooley, Judge.

Action by John F. Trail against H. C. Kellam and others. Judgment against defendants, and defendant Kellam brings error. Reversed and remanded.

Huffmaster & Huffmaster, of Kaufman, for plaintiff in error.

RAINEY, C. J. This suit was instituted by defendant in error in the county court of Kaufman county, to recover on a promissory note against A. G., W. C., and H. C. Kellam and T. E. Wilson. A. G. Kellam waived service, and T. E. Wilson answered. Judgment was entered for plaintiff against all the defendants. W. C. and H. C. Kellam not having appeared, judgment by default was rendered against them. Execution was issued and levied on property of H. C. Kellam, who sued out this writ of error, filing a supersedeas bond, and the cause is here for review.

The complaint of plaintiff in error, in effect, is that no proper service of citation was had upon him, and, he not having answered, the court erred in rendering judgment against him. The return of the officer serving said citation is:

"Came to hand on the 20th day of February, A. D. 1914, at 10 o'clock a. m. and executed on the 5th day of March, 1914, at ——— o'clock p. m. by delivering to W. C. Kellam and H. C. Kellam, two of the within named defendants, in person a true copy of this writ."

This return is fatally defective in failing to show that each of the two Kellams was served with copies of the citation, and was not such as to authorize a judgment against them by default. King v. Goodson, 42 Tex. 152; Holliday v. Steele, 65 Tex. 388; Russell v. Butler, 71 S. W. 395.

The judgment is reversed, and cause remanded.