## Fleishman et ux. v. Goodman.

(Decided Jan. 26, 1934.)

536

BRUCE & BULLITT and EUGENE B. COCHRAN for appellants.
MORTON K. YONTS, R. R. RICHARDSON and W. E. QUICK for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Appellee brought this action against appellants to recover for personal injury in an automobile collision. On the trial of the case she recovered judgment for $2,500. The defendants appeal.

The first question in the case is as to the service of process. The summons was served by a special bailiff, who made the following return upon it:

"Executed Oct. 10, 1931, on Harry Fleishman and Anna G. Fleishman, his wife, by delivering to them a copy of the within summons.

"Hubbard R. Petty, S. J. C.
"By Vernon H. Kelley, Special Bailiff."

This was followed by an affidavit stating that the return was true. The defendants entered a motion to quash the return on the summons, and in support of the motion filed the following affidavit, sworn to by both of them:

"At about 12:00 M. on Saturday morning, October 10, we were in our room, which was number 827 at the Tyler Hotel in Louisville. Someone knocked on the door which was ajar. Mr. Fleishman said 'Come in'; with that this man pushed the door open and walked in the room. He then said: 'Mr. Fleishman, I have some summons to serve on you.' Neither of us then said anything at all to him.

With that he walked up to the table in the middle of the room against the wall near the door and spread out on the table four sheets of paper, two of which were copies of summons in this action, one of which was a notice to take the deposition of Anna D. Fleishman as if under cross examination on Monday, October 12, at 11:00 A. M., and the other of which was a subpoena for Mrs. Fleishman to appear and give her deposition as if under cross examination. Then without taking his hat off he simply turned around and walked out of the room. This man was a short, fair-skinned, dark haired man, with a small black mustache. Never at any time did he deliver to either of us, or offer to deliver to either of us any of the papers and never at any time did he hand the summons to us or tell us that he was delivering it to us. Never at any time did we either one of us refuse to accept either or any of the said papers. He simply laid them on the table and turned around and walked out.''

No contrary evidence was offered, and the court overruled the motion, to which the defendant excepted and thereafter, not waiving their exception, filed answer.

Section 48 of the Civil Code of Practice provides: ''Unless otherwise provided, the summons shall be served by delivering, or if acceptance be refused, by offering to deliver a copy of it to the person to be summoned.''

It is insisted: (1) That the return does not show that a copy was delivered to each of the defendants; (2) that under the proof it is shown that it was not so delivered or served at all.

It is presumed, in the absence of proof, that the officer did his duty. The return of the officer that he executed the process on the defendants by delivering to them a copy naturally means that the copy was delivered to each of them. The affidavits do not show that this was not done. A paper is delivered to a person when placed within his reach and he accepts it. The affidavit shows not only that the defendants were in the room, but that they each received the process. Where process was inclosed in an envelope and the persons served immediately opened the envelope and found the copy of the summons, the service was held good. Jack-

son v. Schuylkill Silk Mills, 92 Misc. 442, 156 N. Y. S. 219. While the proceeding was irregular, the defendants each in fact received a copy of the process. The motion to quash the return was properly overruled.

When the motion for a new trial was overruled, time was given to file a bill of exceptions. The time expired on September 10. The bill of exceptions was tendered on September 16, and an affidavit was filed showing these facts: The Hon. William Krieger, the judge of the Fourth common pleas division of the Jefferson circuit court, in which the case was tried, and who presided upon the trial of the case, had been very sick and had been absent from his court and no court was held between August 4 and September 12. On September 12, he signed only one order and did nothing else. He had been at an infirmary undergoing and recovering from a major operation. The bill of exceptions was ready for filing on August 6, and would have been filed on August 8 except for the absence of the judge. The attorney made repeated attempts to get in touch with the judge and to file the bill of exceptions in court, but was not able to get in touch with him until September 15, and then filed the bill on the 16th. He telephoned to the clerk's office from time to time and was each time told that the judge had not returned to his office and was sick. He made a number of trips to the clerk's office and each time was told these facts. Throughout the period between August 4 and September 16, the attorney made every effort to get the bill filed, but was prevented from doing so by the absence of the presiding judge and his inability during this period to be present. No contrary evidence was offered and the court refused to file the bill of exceptions.

When the case reached this court, the bill of exceptions was copied in the transcript and the appellee entered a motion to strike it out. There had been no order of the circuit court making the bill of exceptions a part of the record. The rule is well settled that where a paper is tendered in the circuit court and the court refuses to file it, it is not a part of the record unless there is an order of court making it a part of the record. The motion to strike the bill of exceptions from the record was sustained by this court for this reason. It remains to determine whether the circuit court properly refused to file the bill of exceptions.

The case was tried in the Jefferson circuit court, having seven judges. Proceedings in that court are regulated by sections 1020-9 to 1020-11, Ky. Stats., which provide:

"Proceedings in such court shall be valid when prosecuted in any branch or division thereof.

"Any judge presiding over one branch or division of said court may hear and determine any case or question in any other branch or division.

"When, for any cause, the judge presiding over any branch or division of such court fails to attend, the judge presiding over any other branch or division may attend and hold said court for the occasion."

The purpose of the statute is to provide for just such a state of case as occurred here. When any of the judges who heard a case is sick or absent from the city, a motion that regularly should be made before him may be made before one of the other judges. Appellants on any day, within the time given, might have tendered their bill of exceptions and entered a motion that it be filed before one of the other judges, who might have taken the motion under advisement and made such order as was proper under the facts shown. Though the judge who heard the case was sick, this did not authorize appellants to wait until he recovered, and their motion on September 16 came too late and was properly overruled.

Judgment affirmed.