## Igo v. Berea Realty & Finance Co. et al.

Oct. 5, 1945.

Courtney C. Wells for appellant.

G. C. Wilson for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

We deal here particularly with the sufficiency and conclusiveness of a return of process.

The appellant, Arlie Igo, appeals from a judgment in the Perry Circuit Court dismissing his petition wherein he sought to enjoin Charles Cornett, the Sheriff of Perry County, from levying on appellant's property by virtue of an execution, and to restrain the Berea Realty and Finance Company from further proceedings upon a default judgment rendered against him in its favor. The merits of the cause wherein the default judgment was obtained are not in issue here, the paramount question being that of the return of the process in that action.

On the first day of June, 1934, the Berea Realty and Finance Company filed a suit in the Perry Circuit Court against Caledonia Insurance Company, N. E. Greer, the Gross Motor Company and Arlie Igo, the appellant. Summons and three copies were issued to Perry County and placed in the hands of the Sheriff of that county. The Sheriff's return as endorsed upon the summons reads as follows:

"Executed by delivering a true copy of this summons to Arlie Igo, N. E. Greer and N. E. Greer, President of the Gross Motor Company. This June 1st, 1934. Fillmore McIntosh, S. P. C. By John Baker, D. S."

In the February 1935 term of the Perry Circuit Court, the defendant, Caledonia Insurance. Company, filed demurrers, general and special, to the petition, each of which was overruled. It then filed its answer. The action against the Caledonia Insurance Company seems to have been abated but the defendants, Gross Motor Company, N. E. Greer and Arlie Igo, having failed to answer or otherwise plead to plaintiff's petition, default judgment was taken against them. No further steps were taken in that action until the February 1941 term of the Perry Circuit Court when the demurrers of the defendant, Caledonia Insurance Company were reconsidered and sustained, and the Berea Realty and Finance

Company failing to plead further, its petition was dismissed as against the Caledonia Insurance Company.

It appears that no attempt was made by appellee, Berea Realty and Finance Company, to collect on its default judgment against the appellant, Arlie Igo, until March 8, 1944, at which time execution was issued against him, which was placed in the hands of Charles Cornett, Sheriff of Perry County, with directions to levy on the appellant's property for the purpose of satisfying the judgment. In order to restrain and enjoin the sheriff from levying the execution, and the Berea Realty and Finance Company from further proceedings upon the judgment, the appellant filed his petition in the Perry Circuit Court on April 8, 1944, alleging that no service of summons was ever had upon him; that he had no knowledge or notice of that action against him until after execution was issued; that the return on the summons was not a proper return; and that the summons and its execution should be quashed; and prayed that upon the hearing of the case, the restraining order be made permanent and the judgment set aside and declared to be null and void. Evidence was taken and upon hearing of the cause, the court dismissed the petition and dissolved the injunction.

The appellant takes the position that the default judgment was void because he was not before the court. He insists that section 48 of the Civil Code of Practice, prescribing the manner of serving summons on a defendant in a civil case, was not followed since the return on the summons does not state that a copy of it was delivered, or offered to be delivered, to the appellant, Arlie Igo, individually. He contends that one copy of it, using the language of the return, may have been given to N. E. Greer for the benefit of all the other defendants in that action, and, consequently, was not a proper or sufficient service to put the appellant before the court. He further contends the return should have stated that it was executed by delivering a true copy of one each to Arlie Igo, N. E. Greer, and N. E. Greer, President of the Gross Motor Company, and that since it did not so state, it fails to show to which, if either of them, the copy was delivered. In support of his contention, he cites a couple of Texas cases, Scott v. Ray, Tex. Civ. App., 141 S. W. 1002; Kellam v. Trail, Tex.

Civ. App., 185 S. W. 988. These Texas decisions do place a narrow and technical construction upon the requirement that the return show a several service on all joint defendants. There is no quarreling with the appellant's argument that in the case of joint defendants the return should show that process was served in the manner required by law. However, if the return, taken in its entirety, fairly imports this, it should be sufficient. The decisions upon this specific question seem to be in harmony with the above statement in practically all jurisdictions except the Texas cases. In an Illinois case, Martin v. Hargardine, 46 Ill. 322, a similar return was made, and in addition thereto; there was a charge of fees for the serving of three copies. It was held in that case that the taxing of the costs was a part of the official return. This court has not gone quite to that extent, yet we have held in numerous cases that the sheriff's return is presumed to be correct and that the sheriff complied with the law. In the instant case there appears on the back of the summons a fee of $1.80 taxed as costs for the service of three copies. If the return does lack clarity, and in addition to the return, the sheriff did make a charge for the service of three summons, and presuming that he did his duty, it seems clear that the whole return, taken together with the taxing of costs, clearly imports that a copy was delivered to each individual. The appellant cites the case of Fleishman v. Goodman, 252 Ky. 535, 67 S. W. 2d 691, and tries to distinguish it from the facts as presented in this case. The return in that case reads:

"Executed October 10th, 1931, on Harry Fleishman and Anna G. Fleishman, his wife, by delivering to them a copy of the within summons."

In commenting on this return, the court said:

"It is presumed, in the absence of proof, that the officer did his duty. The return of the officer that he executed the process on the defendants by delivering to them a copy naturally means that the copy was delivered to each of them."

The reason is obvious why there is and should be a presumption in favor of a sheriff's return. The Kentucky cases on this point are numerous. See Dukes v. Davis, 125 Ky. 313, 101 S. W. 390, 393; Amos v. Massey,

140 Ky. 54, 130 S. W. 950; Foster et al. v. Hill et al., 282 Ky. 327, 138 S. W. 2d 495; Jackson v. Bolt, 292 Ky. 503, 166 S. W. 2d 831. In the two former cases above, there had been a lapse of 16 and 10 years respectively, and frank acknowledgment is taken of the frailty of memory. In the latter of the two, Mrs. Amos testified that she did not know anything about the case and no process was served upon her. The sheriff's return on process was involved. In commenting on it, the court said [140 Ky. 54, 130 S. W. 951]:

"* * * but her testimony, unsupported, 10 years afterwards, is not sufficient to overcome the return of the officer in a collateral proceeding."

The wisdom of this is obvious. Judgments and other public records would be robbed of their stability and permanence. This rule of conclusiveness certainly tends to the security of records, even though hardships may be now and then imposed.

Some of the points mentioned in appellant's brief, namely; that the return should have been amended to conform with the proof; that appellant is entitled to have his day in court, and that the appellee cannot be prejudiced by the reversal of the judgment, have no particular bearing in this case since it is dependent upon the question of service and upon the return.

The appellant testifies definitely and positively he knows nothing about it, and that he was not served with the service of process. The sheriff says that he does not remember since it would be an utter impossibility in view of the fact that he had hundreds of processes for service, but that the service speaks for itself. In pursuing this matter to a constructive end, rather than adopting an hypothetical fiction, thereby inviting an entailing legal hocus-pocus, we are inclined to believe that it may be reasonably inferred from the return that a copy was delivered to each, and that the whole return taken together meets the test of sufficiency under the section of the Civil Code above. However, it might be called to appellant's attention that KRS 61.060 provides:

"Official acts may be questioned collaterally, when. No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return

or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer.''

It is true that the use of the word each or severally might have been more exact and would have rendered the return less indefinite and uncertain, and would have prevented any liability toward misconstruction, yet, we feel that the whole return fairly, and with practical certainty, means a several and not a joint service.

Wherefore, the judgment is affirmed.