## Pardue et al. v. Spillman, Sheriff, et al.

May 13, 1947.

L. B. Handley, Judge.

Wilson & Wilson for appellants.

Carroll M. Redford for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The principal question involved on this appeal is

whether the appellant, N. N. Pardue, was served with a summons in an action instituted by the appellees, Fred Proffitt and Gid Hollingsworth, against Mr. Pardue and his son, N. K. Pardue, on a check which had been given by the latter to the plaintiffs in the original action in payment for cattle and which was returned because of insufficient funds. The return on the summons is as follows:

"Executed the within summons by delivering a true copy to each of the following defendants, N. N. Pardue, N. K. Pardue not found. This 3/11/46.

"B. Y. Spillman, Sheriff of Barren County." On April 17, 1946, a default judgment was rendered against the appellant. He was present in court at that time, but said he knew nothing of the action and was there for another purpose. On June 4, 1946, an execution was levied on certain real estate and a Ford automobile belonging to the appellant. Shortly thereafter he filed this action to enjoin the sheriff of Barren County from selling the property upon which levy had been made on the ground that he had never been summoned in the original action. After hearing proof the court dismissed his petition; hence this appeal.

The record shows that the clerk issued the summons and placed it in the hands of the sheriff, along with a notice for Mr. Pardue and his son to take their depositions as if upon cross-examination. A deputy sheriff testified that he delivered a copy of both the summons and the notice to Mr. Pardue shortly after dark on March 3, 1946, and that when he returned to the sheriff's office he asked the sheriff to write out the return, which he did. As we have noted, the return was complete in every respect. Mr. Pardue testified that the deputy sheriff gave him only a copy of the notice, and at no time was he served with summons. He said also that the officer told him it was a summons to appear before Judge Redford, attorney for the plaintiffs in the original action, "on Saturday at one o'clock." Mrs. Pardue said that, when her husband came in the house after talking with the deputy sheriff, he showed her the notice to take depositions but had no copy of the summons. A banker testified that Mr. Pardue showed him the notice but that he did not see a copy of the summons. As we have noted,

Mr. Pardue was present when the default judgment was entered, but he said that he was in the court room for another purpose, and also that he came to Glasgow in response to his notice to take depositions.

KRS 61.060 provides: "No fact officially stated by an officer in respect of a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except in a direct proceeding against the officer or his sureties, or upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer." No charge of fraud is made in the case at bar, but it is insisted that the deputy sheriff, who was inexperienced, made a mistake in serving only a copy of the notice to take depositions on Mr. Pardue. As pointed out in the case of Igo v. Berea Realty & Finance Co., 300 Ky. 526, 189 S. W. 2d 733, the presumption is that a sheriff's return of process is correct and that the sheriff complied with the law. The Igo case and cases cited therein set forth fully the reasons for such a presumption. It follows naturally that clear and convincing proof must be produced to overcome the presumption of the correctness of such a return. Nicholson v. Thomas, 277 Ky. 760, 127 S. W. 2d 155. Here we have a return which is proper on its face, along with the positive testimony of the deputy sheriff that he served the summons on Mr. Pardue. True it is that Mr. Pardue said no summons was served on him, and also that his wife said she saw only a copy of the notice. Under the circumstances, we think the chancellor properly ruled in favor of the appellees, because Mr. Pardue's proof fell far short of meeting the test heretofore mentioned.

Judgment affirmed.

Judge Latimer not sitting.