Newman RYAN, Appellant,

v.

Bobbie COLLINS (No. S-71-70), Appellee.

Newman RYAN, Appellant,

v.

Tommie McWHORTER (No. S-72-70), Appellee.

Newman RYAN, Appellant,

v.

Truman PARRISH (No. S-73-70), Appellee.

Court of Appeals of Kentucky.

May 26, 1972.

R. B. Bertram, E. G. Bertram, Jr., Bertram & Bertram, Monticello, Hile Pritchard, Albany, for appellant.

James A. Hicks, Hicks & Lovelace, Albany, for appellees.

REED, Judge.

We have consolidated these three appeals because each of them results from the same facts and presents the same issue of law. The question is whether the trial court erred when it denied appellant-de-

fendant's motion to set aside a default judgment under CR 60.02.

An automobile accident occurred on Highway 127 in Clinton County, Kentucky. On September 25, 1965, the plaintiffs-appellees filed timely separate complaints which concededly stated triable claims for personal injuries, loss of wages and medical expenses against defendant-appellant. Summonses were issued on each complaint and, according to the official returns on the summonses, were served on defendant Newman Ryan on September 27, 1965, by J. B. Burchett, deputy sheriff of Clinton County.

No answer, motion or any type of pleading was filed or served by defendant, and on January 18, 1966, almost four months after service of process, trial before a jury was held. Because of defendant's failure to plead or appear, directed verdicts on the issue of liability were given in each case. The issue of damages was submitted to a jury in each case. The amount of the verdicts for the plaintiffs against the defendant aggregated the sum of $14,757.-88. Judgments were entered pursuant to the separate verdicts and defendant was served with notice of entry of the judgments.

Almost two months after these judgments were entered, defendant, on March 15, 1966, filed a motion in the three suits to vacate the judgments under CR 60.02.

The defendant contended that the service of summons was invalid and undertook to impeach the return made on the process. He also contended that the judgments were void because of the noncompliance by plaintiffs with the requirements of CR 55.01. Evidence by means of depositions was taken on the factual issues raised in defendant's motion. The trial judge decided that the summons had been validly served and that the defendant had failed to demonstrate sufficient cause to warrant setting aside the judgments. An order was there-

upon entered denying defendant relief under CR 60.02. From that order entered in each separate action the defendant prosecuted these appeals.

The defendant claims that a deputy constable, whose name does not appear upon the returns inscribed on the summonses, actually undertook to serve the process by leaving copies of the three summonses with his wife. The deputy constable supported this version. The sheriff and his deputy directly refuted these statements. According to the sheriff, he placed the summonses in the hands of his deputy, J. B. Burchett, a neighbor of the defendant, for service. Burchett testified that he personally served the defendant with each of the summonses on the morning of September 27, 1965, as stated by the returns. The sheriff and the deputy sheriff conceded that the actual returns were not signed by deputy Burchett but were made out and signed by the sheriff's wife, who was also his deputy. But both she and deputy Burchett testified that these acts were performed in deputy Burchett's presence and that he authorized the sheriff's wife to sign his name to the returns at the time. The trial court elected to believe the sheriff and his two deputies and to disbelieve the defendant and his supporting witness, the deputy constable.

This appears to be simply a factual issue to be resolved from conflicting evidence, and we cannot brand the trial judge's findings as clearly erroneous. CR 52. The issue then narrows to whether under the facts found by the trial judge the service of process was valid. We think it was.

 The purpose of the officer's return is to give evidence of the fact that service has been had in conformity with the command of the process and to put on record the statement of a responsible official that notice has been given to the defendant of the proceedings against him. The return is an official act and constitutes the official oath of the officer as to the facts stated in the return. See 72 C.J.S. Process § 90.

■ It was contended in Sansbury v. Schwartz, 41 F.Supp. 302 (1941), that the return of service was defective because it appeared that it was written by someone other than the marshal or deputy marshal. The court denied the claim of defectiveness saying:

"This practice, employed for a great length of time for the clerical convenience of the marshal's office, does not of itself invalidate the service of the process, . . .."

In Igo v. Berea Realty & Finance Company, 300 Ky. 526, 189 S.W.2d 733 (1945), we rejected the claim of a joint defendant that since his name did not appear as having been served individually, he was not before the court. We held that there was a presumption in favor of a sheriff's return. We stated that if the return taken in its entirety *fairly imports* compliance with the statute it should be sufficient. The necessity of the stability and security of public records is the policy consideration involved.

■ Where it appeared that the deputy who signed the return as executing officer had not actually served the process but the process had been executed by another officer a contention that service was invalid was rejected in Cortimiglia v. Miller, Tex. Civ.App., 326 S.W.2d 278 (1959). In this case if the testimony of the sheriff's wife and deputy and his deputy Burchett, who testified he served the process, is believed, as the trial court had the right to do, the service of process was sufficient and valid. Hence, the judgment cannot be disturbed upon the defendant's claim of invalid service.

■ The defendant also argues that he was entitled to notice of the trial proceedings and of the plaintiff's intention to seek a default judgment. Under CR 55.01 only a defendant who has appeared in the action is entitled to prior notice of an application for a judgment by default. Although the defendant testified that he had a conversation with the attorney for the plaintiff concerning the pending actions, this did not constitute an "appearance" as that word is used in CR 55.01.

■ According to the defendant, the attorney for his adversaries agreed to let him know about further steps to be taken in the suits if settlement was not made by his insurer. The attorney, however, testified that he merely instructed the defendant to take the summonses which had been recently served, to the agent for the insurance company that had written public liability insurance covering the defendant. In Smith v. Gadd, Ky., 280 S.W.2d 495 (1955), we construed the word "appeared" in CR 55.01 to mean that the defendant had voluntarily taken a step in the main action that showed or from which it might be inferred that he had the intention of making some defense. There is no evidence to support any finding that any attempt was ever made by defendant to defend the action within the allotted time or that he had any intention to make such an attempt. Under the facts as found by the trial judge, the defendant did not appear and therefore was not entitled to notice of an application for default judgment.

■ Finally, the defendant points out that there was no certification by the attorney for the plaintiffs that no papers had been served on him by the defendant. It is true that such certification is required by CR 55.01 and is applicable even though the defaulting party has not appeared in the action. Nevertheless, this was a mere procedural irregularity and we fail to perceive how the defendant was in any way prejudiced. He admits that he had not even procured counsel nor does he claim that he had undertaken to represent himself. Hence, no papers could have

been served on the attorney for the plaintiff.

CR 55.02 authorizes the trial court to set aside a judgment by default for good cause shown in accordance with CR 60.02. That rule is not ordinarily operative to set aside a judgment for mere procedural irregularities. See Skinner v. Morrow, Ky., 318 S.W.2d 419 (1958).

The same code of procedure which affords an opportunity for relief from a default judgment under CR 55.02 also provides in CR 61.01 that no default in anything done or omitted by any of the parties is ground for disturbing a judgment unless refusal to disturb the judgment appears inconsistent with substantial justice. This rule also requires the trial court to disregard any defect in the proceeding which does not affect the substantial rights of the parties. In our view that proposition answers not only defendant's complaint addressed to the omission of a certification that no papers had been served, but also answers his remaining complaint that a jury determined the extent of damages when no jury had been demanded. We are at a loss to understand how the defendant could have been prejudiced in either aspect. The defendant had no constitutional right to a trial without a jury and we are unadvised that in the circumstances presented, a right to trial by the court and not by the jury, although permitted under CR 55, is a vested or guaranteed right of a defendant. Default judgments are not looked upon with favor, nevertheless, the granting of relief from a default judgment is a discretionary matter with the trial court. We cannot say that discretion was abused in this case. See Richardson v. Brunner, Ky., 327 S.W.2d 572 (1959). Also see Annotation 153 ALR 449.

The judgment denying relief under CR 55.02 in accordance with CR 60.02 is affirmed.

All concur.