ROADRUNNER MINING, ENGINEER-
ING & DEVELOPMENT CO., INC.,
et al., Appellants,

v.

The BANK JOSEPHINE, a
corporation, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Discretionary Review Granted
March 30, 1977.

Gary C. Johnson, W. Sidney Trivette, Pikeville, for appellants.

Joe Hobson, Prestonsburg, for appellee.

Before WHITE, WINTERSHEIMER and WILHOIT, JJ.

WHITE, Judge.

On November 24, 1975, the Bank Josephine instituted suit against the appellants to recover on five promissory notes dated January 18, 1975; March 4, 1975; March 17, 1975; May 23, 1975; and May 25, 1975, respectively. These notes were secured by a real estate mortgage covering property owned by the appellants. The Bank Josephine also had a secured interest in the coal mining equipment which was purchased with the loans. In its complaint the Bank Josephine asked for judgment for the following amounts: $148,197.76; $34,827.15; $46,618.52; $69,838.63; and $40,490.86.

The original complaint asked that the bank be adjudged to have a first and prior lien against the personal property and real property and that both the personal and real property be sold to satisfy the payment of the notes. Each of the appellants was served with summons on this complaint.

When appellants failed to appear in this action, the appellee bank filed a motion for entry of a default judgment on June 7,

1976. Appellee then filed its first amended complaint on June 10, 1976. In its first amended complaint appellee adopted and made a part of the amended pleading all the allegations of the original complaint not inconsistent with the averments of the amended pleading. Judgment was asked for the following sums: $148,482.76; $35,740.75; $46,903.52; and $40,750.86.

On June 11, 1976, a default judgment was entered pursuant to the prayer of the original and the first amended complaint. It provided that the Bank Josephine had a first lien against the real estate to secure the payment of $148,482.76, and also had a lien against the personal property to secure the remaining three notes.

A motion to set aside this default judgment was filed on June 16, 1976. On this same day a second amended complaint was filed adopting all the consistent allegations of the two prior complaints and which attempted to give the correct personal property upon which plaintiff has a lien and the notes secured by such personal property. On June 18, 1976, an order setting aside the default judgment of June 11, 1976, was entered. On that same day a default judgment was entered granting the relief asked for in the second amended complaint.

At no time before final judgment did appellants enter an appearance. Neither was a summons nor a warning order issued to notify appellants of the first or second amended complaints.

After the default judgment of June 18, 1976, was entered, the defendants moved to set it aside. Their motion was overruled on July 9, 1976, and the defendants bring this appeal.

■ As grounds for reversal, the appellants argue that the failure by the appellee to give the notice required by Civil Rule of Procedure 5.01 makes the resulting default judgment void. We agree that CR 5.01 disposes of this case.

Rule 5.01 provides as follows:

"Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, . . . shall be served upon each party except those in default for failure to appear. Parties so in default shall be given notice of pleadings asserting new or additional claims for relief against them by summons or warning order issued thereon as provided in Rule 4."

No doubt this rule, CR 5.01, is based upon the case law in our state which holds that a default judgment is void if entered on an amended complaint which asserts new or additional claims and no summons has been served on the amended complaint. *Dameron v. Osenton*, 6 Ky.Law Rep. 218, 12 Ky. Opin. 723 (1884); *Pearce v. Lancaster*, 20 Ky.Law Rep. 1218, 49 S.W. 12 (1899); *Cope v. Slayden*, 24 Ky.Law Rep. 1734, 72 S.W. 284 (1903). In order to come under this rule, however, new or additional claims must be asserted.

In carefully examining the complaints filed in this action, we can find no new or additional claims being made by the appellee bank. It is true that the amended complaints each ask for a few hundred dollars more on each note, but this increase is completely offset by the exclusion in the amended complaint of a demand for judgment for $69,838.63. Furthermore, the fact that the appellee bank was more specific in its demands for liens in the amended complaints does not affect our decision, because the appellee had clearly demanded in the original complaint that all such liens be adjudged and that the property be sold to satisfy the debt.

■ Appellant further contends it was error for the trial court to grant the June 18, 1976 default judgment on a second amended complaint that was filed without leave of court. This may be an irregularity; but even so, we will not set aside a judgment for a mere procedural irregularity. *Skinner v. Morrow*, Ky., 318 S.W.2d 419 (1958). The proper standard to be applied here is provided in CR 61.01 in that no error or defect in any ruling or order, or in anything done or omitted by the court, is grounds for disturbing a judgment unless refusal to disturb the judgment appears

**155**

inconsistent with substantial justice. *Ryan v. Collins,* Ky., 481 S.W.2d 85 (1972). We must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties. CR 61.01.

Since appellants were in default for failure to appear, their rights were not prejudiced by this irregularity.

The judgment is affirmed.

All concur.