EQUITABLE COAL SALES, INC., and Francis Construction Co., Inc., Appellants,

v.

DUNCAN MACHINERY MOVERS, INC., Appellee.

Court of Appeals of Kentucky.

May 6, 1983.

Thomas F. Towles, Georgetown, for appellants.

Mark L. Moseley, Landrum, Patterson & Dickey, Lexington, for appellee.

Before HOWARD, HOWERTON and PAXTON, JJ.

PAXTON, Judge.

Equitable Coal Sales, Inc., and Francis Construction Co., Inc., appeal from a summary judgment of the Breathitt Circuit Court granted in favor of Duncan Machinery Movers, Inc.

Duncan filed suit against Equitable and Francis on a debt. On March 9, 1982, more than two years after the suit was filed, the circuit clerk notified all parties to the suit that it was to be considered on April 13, 1982 for dismissal on account of Duncan's failure to prosecute. On April 6, 1982, Duncan responded to the clerk's notice and also filed a motion for summary judgment. The date for hearing on the summary judgment motion was set in Duncan's notice for April 13, 1982, the same date the action was to be considered for dismissal. On April 13, 1982, the attorney of record for Equitable and Francis appeared before the trial court and orally moved to withdraw from the case.

He never filed a response to the summary judgment motion and he did not argue the motion before the trial court. On April 19, 1982, he filed a written motion to withdraw.

The summary judgment was signed on April 23, 1982 and entered on April 26, 1982. The court sustained the attorney's motion to withdraw on May 5, 1982.

The issue presented is whether the trial court erred in granting summary judgment where notice was served fewer than 10 days prior to the date of hearing on the motion.

CR 56.03 provides "The motion shall be served at least 10 days before the time fixed for the hearing". The rule is clear, so our consideration centers on whether the rule's ten-day requirement may be waived. Counsel for Equitable and Francis did not object to the hearing date, did not ask for a continuance, did not argue against the motion on the day of the hearing, and has not shown any prejudice by having fewer than ten days notice of the hearing.

Although we have not been cited to any direct Kentucky authority, we believe the better rule to be, and we so hold, that the ten-day requirement of CR 56.03 may be waived absent a showing of prejudice. *See Hoopes v. Equifax, Inc.,* 611 F.2d 134 (6th Cir.1979); *Thacker v. Whitehead,* 548 F.2d 634 (6th Cir.1977); *Oppenheimer v. Morton Hotel Corp.,* 324 F.2d 766 (6th Cir.1963); *cf. Ryan v. Collins,* Ky., 481 S.W.2d 85 (1972) (not erroneous for trial court to refuse to vacate default judgment where prejudice not shown).

The judgment of the Breathitt Circuit Court is affirmed.

All concur.