RENDERED:  SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001182-MR

BOBBY BRANDENBURG                                              APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
ACTION NO. 17-CI-005646

THOROBRED AUTOMOTIVE, INC. AND
BERNARD FREDERICK                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE:  Bobby Brandenburg appeals from a summary judgment entered

by the Jefferson Circuit Court dismissing his intentional infliction of emotional

distress (IIED) claims against Thorobred Automotive, Inc. (Thorobred) and its

owner, Bernard Frederick (Frederick).  He argues that summary judgment was

improper because the motion was brought with less than ten days' notice.  We find

no evidence that Brandenburg was unfairly prejudiced by the short notice. Hence, we affirm.

On October 24, 2017, Brandenburg brought suit against Thorobred and Frederick, asserting claims for assault and battery, IIED, and several statutory wage and hour claims. On January 25, 2019, Thorobred and Frederick filed a motion for partial summary judgment, arguing that Brandenburg's IIED claims failed as a matter of law because Brandenburg had not produced expert testimony, identified any expert witness, or produced any evidence sufficient for a claim of IIED to prevail prior to the discovery deadline. In response, Brandenburg identified an expert witness on damages, Dr. James Wilson.

The trial court allowed Brandenburg to use Dr. Wilson even though the discovery deadline had passed. The trial court also allowed Thorobred and Frederick to conduct limited discovery on the bases for Dr. Wilson's opinion. Consequently, the trial court denied the motion for summary judgment, concluding that Brandenburg established genuine issues of material fact with respect to his IIED claim. In a related ruling, the court found that the assault and battery claims remained viable because one of the incidents occurred within the limitations period.

During discovery, Dr. Wilson produced documents purportedly demonstrating that he had conducted psychological testing on Brandenburg to

support his claim of IIED. Dr. Wilson testified that he had performed the tests and that the results of those tests showed Brandenburg suffered severe emotional distress. Subsequently, Dr. Wilson admitted that he falsified those test results and that he was not qualified to administer or interpret those tests. Based on this information, Thorobred and Frederick moved to exclude Dr. Wilson as an expert witness. The trial court granted the motion to exclude Dr. Wilson on June 27, 2019, and Brandenburg does not contest the exclusion.

On July 1, 2019, Thorobred and Frederick filed a motion for reconsideration of the trial court's original summary judgment order. They argued that Brandenburg was again without expert medical or scientific evidence to prove his IIED claim as a matter of law. The motion included a notice that it would be heard on July 8, at the next motion hour. On that date, Brandenburg filed a response to the motion to reconsider the summary judgment order arguing that it should be denied. Brandenburg's counsel participated in oral argument regarding the motion, but counsel did not ask for a continuance, argue that the motion was untimely, or argue that he was not prepared.

The following day, prior to the start of trial, the court granted the motion for summary judgment and dismissed Brandenburg's IIED claim because Brandenburg had no expert medical or scientific witness that could provide the required proof to support an IIED claim. The trial court also granted Frederick's

separate motion to exclude evidence relating to the IIED claim and limited the evidence for the assault and battery claims to a single claim occurring within the one-year limitation period. The matter then proceeded to trial at which the jury found for Thorobred and Frederick on the remaining claims. Brandenburg now appeals.

Brandenburg argues that the motion to reconsider was actually a new motion for summary judgment requiring ten days' notice. CR[1] 56.03. Since Thorobred and Frederick filed the motion less than ten days before trial, Brandenburg contends that summary judgment was improper. He also argues that the lack of notice substantially prejudiced him at trial. Finally, Brandenburg argues that the trial court's reconsideration of its order denying summary judgment violated the law of the case doctrine.

On appellate review of a summary judgment order, "we operate under a de novo standard of review with no need to defer to the trial court's decision." *Louisville & Jefferson Cty. Metro. Sewer Dist. v. T+C Contracting, Inc.*, 570 S.W.3d 551, 556 (Ky. 2018). If there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law, then summary judgment is appropriate. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "The record must be viewed in a light most favorable to the

---

[1] Kentucky Rules of Civil Procedure.

party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Id.* (citing *Dossett v. New York Min. & Mfg. Co.*, 451 S.W.2d 843 (Ky. 1970) and *Rowland v. Miller's Adm'r*, 307 S.W.2d 3 (Ky. 1956)).  The party opposing summary judgment must present "at least some affirmative evidence showing that there is a genuine issue of material fact."  *Id.* at 482 (citations omitted).  Furthermore, summary judgment should only be used "to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor."  *Id.* at 480 (citing *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255 (Ky. 1985)).

This matter turns on the proof necessary to sustain an IIED claim.  To recover under an emotional distress claim, plaintiffs must "satisfy the elements of a general negligence claim."  *Osborne v. Keeney*, 399 S.W.3d 1, 6 (Ky. 2012).  Among other things, an IIED claim requires expert medical or scientific proof to show "that the claimed emotional injury is severe or serious."  *Id.*  Absent such proof, a plaintiff cannot prove the necessary elements of the claim.  *Id.*

As discussed above, Brandenburg does not contest the exclusion of his expert witness, Dr. Wilson.  Consequently, Thorobred and Frederick would have been entitled to a directed verdict at the close of Brandenburg's proof.  Brandenburg argues, however, that CR 56.03 requires a summary judgment motion shall "be served at least 10 days before the time fixed for the hearing."  The notice

requirement protects parties by preventing "ambushing . . . with last minute motions and early morning hearings." *Rexing v. Doug Evans Auto Sales, Inc.*, 703 S.W.2d 491, 494 (Ky. App. 1986). "[T]he 10-day lead time provided before hearing the motion is extremely important and, although not jurisdictional, may not be lightly disregarded[.]" *Perkins v. Hausladen*, 828 S.W.2d 652, 656 (Ky. 1992) (quoting 7 W. Bertelsman & K. Phillips, *Kentucky Practice*, CR 56.03, cmt. 3 (4th ed. 1984)).

Brandenburg contends that this case is analogous to *Perkins v Hausladen*, *supra*. As in the current case, the Court in *Perkins* set aside a summary judgment entered on the eve of trial because the plaintiff failed to present expert testimony. *Id.* at 653. But in *Perkins*, there was no prior motion for summary judgment or a motion to reconsider. *Id.* Furthermore, the Court found that the necessary expert testimony could be found in the "admissions by the defendant doctor." *Id* at 655 (quoting *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965)). In addition, the Court found that the plaintiff could establish causation through the doctrine of *res ipsa loquitur.* *Id.* at 656. By contrast, Brandenburg does not contend that he had any admissible proof of damages.

The Court in *Perkins* further held that "[t]here may be unusual situations where no possible prejudice could have resulted from a premature hearing." *Id.* at 656-67. As a result, the ten-day requirement of CR 56.03 may be

waived absent a showing of prejudice. *See also Equitable Coal Sales, Inc. v. Duncan Mach. Movers, Inc.*, 649 S.W.2d 415, 416 (Ky. App. 1983). Brandenburg contends that he was materially prejudiced in the presentation of his remaining claims by the dismissal of his IIED claim immediately prior to trial.

Thorobred and Frederick respond that their motion was not a new motion for summary judgment but was simply a motion to reconsider the trial court's denial of its prior motion for summary judgment. Both the motion for summary judgment and the motion to reconsider hinged upon the same facts and arguments. The initial motion for summary judgment was based on Brandenburg's initial failure to identify the requisite expert witness needed to prevail under a claim of IIED. After Brandenburg's witness was excluded, the motion to reconsider argued the same. Brandenburg argues that the exclusion of Dr. Wilson was equivalent to new evidence or a fact material to the case.

In a related argument, Brandenburg contends that the law of the case doctrine precluded the trial court from reconsidering its prior denial of summary judgment. In this context, "[t]he doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the lawsuit." *Hallahan v. The Courier Journal*, 138 S.W.3d 699, 705 n.4 (Ky. App. 2004). However, "a judge may reexamine an earlier ruling and rescind it if he has a reasonable conviction that it was wrong[,] and it would not

cause undue prejudice to the party that benefited from it." *Id*. This discretionary authority extends to summary judgment. "It is well established that a trial court may reconsider and grant summary judgment to a party subsequent to an earlier denial." *Id*.

In this case, we conclude that the law of the case doctrine did not preclude the trial court from reconsidering its prior summary judgment order. Furthermore, we do not find the distinction between a motion to reconsider and a renewed motion for summary judgment to be controlling in this case. Even if the motion should have been treated as a new motion for summary judgment, Brandenburg does not suggest that the outcome would have been different had he been given ten days instead of seven. Brandenburg could not have proceeded on his IIED claims or the assault and battery claims which were now outside the limitation period. As noted, Brandenburg did not request a continuance. And while Brandenburg generally complains that summary judgment adversely affected his trial strategy, he does not identify any specific instances of prejudice.

We must also note that the summary judgment was directly caused by Dr. Wilson's misconduct during discovery. Brandenburg chose Dr. Wilson as his expert witness and presumably had the opportunity to vet Dr. Wilson's qualifications and opinions prior to identifying him as an expert. The trial court only denied the motion for summary judgment because it allowed Brandenburg to

name Dr. Wilson as an expert witness after the discovery deadline had passed. When Dr. Wilson's misconduct was revealed, the trial court's reason for that forbearance evaporated. While there was no finding that Brandenburg or his counsel were parties to the misconduct, neither should they be allowed to benefit from it.

We agree with Brandenburg that the ten-day notice period required by CR 56.03 generally should be observed. But as discussed above, Brandenburg has not identified any specific prejudice resulting from his receiving only seven days rather than the full ten days. And the short notice was caused by the misconduct of Brandenburg's own expert. In light of these circumstances, we hold that the trial court did not clearly err in granting summary judgment on Brandenburg's IIED claims.

Accordingly, we affirm the summary judgment entered by the Jefferson Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kamp Townsend Purdy
Lexington, Kentucky

BRIEF FOR APPELLEES:

Ryan M. Martin
Cincinnati, Ohio