# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: SEPTEMBER 24, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0501-DG

KAY SHELTON, INDIVIDUALLY AND AS        APPELLANT
ADMINISTRATRIX OF THE ESTATE OF
JERRY SMITH

|   | ON REVIEW FROM COURT OF APPEALS |
|---|---|
| V. | CASE NO. 2017-CA-002007 |
|   | ROCKCASTLE CIRCUIT COURT NO. 2016-CR-00112 |

AMY HOLTKAMP        APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Kentucky Rule of Civil Procedure (CR) 56.03 requires at least ten days' notice to the adverse party before the time fixed for the hearing on a motion for summary judgment. At a hearing upon less than the required ten-day notice, the trial court granted Amy Holtkamp's partial summary judgment motion and awarded her compensatory damages against Kay Shelton. Shelton appealed and the Court of Appeals affirmed, holding that Shelton's failure to respond to the motion, attend the hearing, or otherwise make her objections known constituted a waiver of the ten-day notice requirement. The Court of Appeals further held that the trial court had sufficient evidence to support the damages awarded. On discretionary review, we affirm the Court of Appeals' decision.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jerry Smith died with a will that made dispositions to his only child, Holtkamp, and his girlfriend, Shelton, who were also appointed co-administrators of his estate. At the time of his death, Smith owned or had an interest in several pieces of real estate. Some of the properties, including an 84-acre farm devised to Holtkamp, were owned solely by Smith. Others he owned with Shelton in joint tenancy with right of survivorship. All the properties were encumbered by a $200,000 mortgage to Citizens Bank.

While serving as co-administrator of Smith's estate, Shelton negotiated on her own behalf with Citizens Bank to pay $90,000 to the bank in exchange for a release on all the property she owned with Smith or inherited from him. Upon doing so, the 84-acre farm, the only real property Holtkamp received under the will, was left to secure the debt to the bank. The bank subsequently foreclosed its mortgage on the farm to collect its debt.

The present case arises out of Holtkamp's suit against Shelton for a breach of a fiduciary duty for alleged self-dealing as co-administrator of Smith's estate. During the pendency of the case, Shelton's lawyers withdrew as her counsel of record. Several months later, Holtkamp served Shelton with requests for admission in which Shelton was asked to admit that she owed a fiduciary duty to Holtkamp that she breached by negotiating her own separate release from the mortgage secured by the property she owned with Smith or

2

inherited under the will.[1]  Shelton apparently never responded to the requests for admission.

Holtkamp ultimately moved for partial summary judgment, contending in her motion that Shelton's failure to respond to the requests for admission eliminated all factual issues of liability.[2]  Holtkamp submitted with her motion an affidavit in which she stated that she suffered compensatory damages of $80,000 based upon the local PVA's valuation of the lost farm.  Holtkamp indisputably failed to give at least ten days' notice of this hearing as required by CR 56.03.  Shelton did not appear for the hearing, and the trial court granted partial summary judgment and damages of $80,000.  Holtkamp's claim for punitive damages remained unresolved by the trial court, but the trial court designated the partial summary judgment as "final and appealable," noting no just reason to delay.[3]

A month after entry of the partial summary judgment, Shelton retained new counsel who did not move the trial court to set aside the judgment. Instead, Shelton filed a notice of appeal arguing that the trial court erred by failing to comply with the ten-day notice requirement and awarding damages on insufficient evidence.  The Court of Appeals affirmed the judgment.

---

[1] CR 36.01(1).

[2] CR 36.01(2).

[3] In an apparent allusion to CR 56.04, Shelton mentions in the Introduction to her brief to this Court that the partial summary judgment was "improperly designated as final and appealable." But we consider that argument abandoned on appeal because it is not addressed in the brief.

## II. ANALYSIS

### A. Standard of Review

Because the grant or denial of summary judgment is a legal question, involving no factual findings by the trial court, this Court reviews the trial court's decision de novo.[4]  Therefore, "the standard of review on appeal of summary judgment is whether the trial court correctly found that there was no issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[5]

#### 1. *Shelton waived her right to claim insufficient notice of the summary judgment hearing.*

We agree with the Court of Appeals' holding that Shelton waived her right to claim insufficient notice.  A hearing for summary judgment requires the moving party to provide at least ten-days' notice of the hearing to the nonmoving party.[6]  If notice is insufficient, the opposing party must make the trial court aware either before or at the hearing.[7]  But if summary judgment is nonetheless granted, a party may within a reasonable time seek relief from the final judgment for insufficient notice.[8]

Whether waiver results from a party's failure to object to insufficient notice is circumstantial.  Waiver is an intentional relinquishment of a right, but

---

[4] *Cmty. Fin. Serv. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

[5] *Scrifes v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

[6] CR 56.03 ("[T]he motion shall be served at least ten days before the time fixed for the motion.").

[7] *Equitable Coal Sales, Inc. v. Duncan Mach. Movers, Inc.*, 649 S.W.2d 415, 416 (Ky. App. 1983).

[8] CR 60.02.

waiver may be inferred from the party's conduct.[9]  For example, in *Equitable Coal Sales, Inc. v. Duncan Machinery Movers, Inc.*, the non-moving party's failure to object to the hearing date or make other objections constituted a waiver of the right to contest insufficient notice.[10]  But a showing that the party was prejudiced because he had less than ten-days' notice may direct the court to find the issue has not been waived.[11]  Similarly, this Court has long held that the complete failure to appear or respond will not result in a default judgment being vacated on appeal absent a showing of good cause.[12]

Here, the parties do not dispute that less than ten-days' notice was given to Shelton.  Holtkamp's counsel's certificate of record shows that he mailed the motion and notice of hearing to Shelton only a few days before the hearing was scheduled.  But Shelton has never contended she failed to receive the motion before the scheduled hearing.  She failed to raise deficiency of notice before the hearing, she failed to appear at the hearing, and she failed to request relief from the trial court after the hearing.  This conduct is like that in *Equitable Coal Sales* in which the right to contest insufficient notice was waived.[13]  So absent a showing of prejudice, Shelton's right to contest the adequacy of notice was waived.

---

[9] *Bates v. Grain Dealers Nat'l Mut. Fire Ins. Co.*, 283 S.W.2d 3, 5 (Ky. 1955).

[10] *Equitable Coal Sales*, at 416.

[11] *Id*. at 416.

[12] *Ryan v. Collins*, 481 S.W.2d 85, 89 (Ky. 1972) (upholding default judgment despite procedural irregularities, such as lack of certification that process had not been served, because they did not result in prejudice).

[13] *Equitable Coal Sales*, at 416.

Importantly, Shelton, has not provided evidence that she was prejudiced by the insufficient notice. She does not contend that she would have been able to offer any dispute of material fact at the hearing. Rather, Shelton contends that a failure to appear cannot be an "intentional relinquishment of a right."[14] We disagree. A failure to appear without a showing that it was because of insufficient notice, accompanied by no proper objection at any time results in waiver.[15]

Further, as Shelton acknowledges, waiver can be inferred from conduct.[16] While Shelton's original attorneys withdrew from representation after Shelton's Answer was filed, she did not retain new counsel until roughly six months later. Further, she did not respond to discovery requests, specifically the requests for admission. It was only after summary judgment was entered that Shelton retained her current attorney. These actions create a strong inference of an intentional relinquishment of the right to contest the sufficiency of notice. Therefore, because Shelton failed to make objections before the hearing, attend the hearing, or request relief from the final judgment after its entry, the sufficiency of notice required by CR 56.03 was waived on appeal.

### 2. *There was sufficient evidence to conclude that no issue of material fact existed in the case.*

We also affirm the Court of Appeals' holding that the motion for summary judgement was properly granted. Summary judgment will be granted

---

[14] *Id.* at 416.

[15] *Id.; Collins,* 481 S.W.2d at 89.

[16] *Equitable Coal Sales*, at 416.

when the moving party puts forth evidence through pleadings, interrogatories, stipulations, admissions, and affidavits that no material issue of fact exists in the case.[17]  To survive summary judgment, the opposing party must put forth similarly admissible evidence that there is a disputed material fact.[18]  The evidence will be viewed in a light most favorable to the opposing party and the movant must show that the opposing party is extremely unlikely to prevail.[19]

A plaintiff moving for summary judgment for breach of fiduciary duty would need to show that there is no dispute that the defendant owed her a fiduciary duty, that the duty was breached, and caused her injury resulting in damages.[20]  When damages are awarded at the summary judgment stage, they are fixed by the evidence provided in support of the motion.[21]  Damages cannot be speculative, but significantly, "where it is reasonably certain that damage

---

[17] CR 56.03; *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 2001) ("Finally, under both the Kentucky and the federal approach, a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial.").

[18] *Id.* at 482 ("The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.").

[19] *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985).

[20] *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 192 (Ky. 2013).

[21] CR 56. 03; *Spencer v. Woods*, 282 S.W.2d 851, 852 (Ky. 1955) (" . . . While damages in this type of case may be difficult to prove, nevertheless they are not conjectural and speculative as a matter of law. If, on a trial, Spencer should be able to prove, beyond the realm of speculation, that had the crop been properly tended, as agreed, it would have had a greater value than was realized from it, he would be entitled to a recovery.").

has resulted, mere uncertainty as to the amount does not preclude one's right of recovery . . . ."[22]

In the current case, Holtkamp filed a motion for summary judgment against Shelton for breach of fiduciary duty. Her motion was based primarily on Shelton's failure to respond to the request for admissions. Because unanswered admissions are deemed admitted, Holtkamp's motion provided evidence that Shelton owed her a fiduciary duty as co-administrator and co-beneficiary of Smith's estate, and that Shelton breached that duty by serving a release of Citizens Bank's interest in the jointly owned property in partial satisfaction of Smith's debt. The admissions established that Shelton's breach of her fiduciary duty caused Holtkamp's inheritance to be the only security for the remaining debt owed to the bank.

Additionally, in an attached affidavit Holtkamp alleged her damages to be $80,000 based on the county's Property Valuation Administrator's valuation of the 84-acre farm. Shelton, on the other hand, did not dispute any of these allegations. The Court of Appeals did not err in its holding that Holtkamp's affidavit containing the PVA's valuation was sufficient proof of damages for the trial court to award damages. As previously stated, a court in considering a motion for summary judgment may consider the pleadings, interrogatories, stipulations, admissions, and affidavits provided by the moving party.[23] The

---

[22] *Curry v. Bennett*, 301 S.W.3d 502, 506 (Ky. App. 2009) (citing *Roadway Express. Inc. v. Don Stohlman & Assocs., Inc.*, 436 S.W.2d 63, 65 (Ky. 1968)).

[23] CR 56.03.

evidence of damages must be admissible, but it cannot be speculative.[24]  So while Shelton correctly argues that the PVA's valuations are not conclusive proof and are to be considered in light of contrary evidence, the opposing party must dispute the evidence with her own, or at the least, contest it as incorrect. Shelton did not provide evidence that the estimate was an incorrect evaluation of Holtkamp's damages, and still does not contest the PVA's estimation.

Finally, summary judgment was appropriate because it was reasonably certain that Holtkamp had been injured.  Damages cannot be speculative, but "where it is reasonably certain that damage has resulted, mere uncertainty as to the amount does not preclude one's right of recovery or prevent a jury decision awarding damages."[25]  Here, Holtkamp provided evidence of her claim through Shelton's admissions.  These admissions provided the basis for damages, as they established a fiduciary duty owed to Holtkamp by Shelton, a breach of that duty, and resulting damages.  Therefore, it was reasonably certain that damage to Holtkamp had resulted.  The damages cannot be said to be arbitrary.

## III.     CONCLUSION

For the reasons discussed above, we affirm the decision of the Court of Appeals.

Minton, CJ, Hughes, Keller, Nickell, VanMeter and Wright, JJ., sitting.

[24] *Steelvest*, 807 S.W.2d 482–83 ("Under the present practice of Kentucky courts, the movant must convince the court, by the evidence of record, of the nonexistence of an issue of material fact . . . . As declared in *Paintsville Hospital*, it should only be used 'to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'") (citations omitted).

[25] *Curry*, 301 S.W.3d at 506.

Lambert, J., not sitting.   All concur.


COUNSEL FOR APPELLANTS:

Jerry William Gilbert
Coy, Gilbert Shepherd & Wilson

COUNSEL FOR APPELLEE:

Michael Scott Fore
Simons & Fore, PSC